**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| United States of America : | |
| : | |
| **v.** : | **Crim. No. 97-391(GK)** |
| : | |
| Donald Draffin, : | **FILED** |
| : | |
| Defendant. : | **MAY 1 5 2007** |
| : | |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

This matter is currently before the Court on Defendant Donald Draffin's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [#25] ("Defendant's § 2255 Motion").[1] Defendant argues that his sentence, imposed by this Court on April 5, 2001, is illegal in light of the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005).

Based on the Motion, Opposition, Reply, and the entire record herein, and for the following reasons, Defendant's Motion is **denied.**

---

[1] The pertinent language from § 2255 reads,

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.



## I.    BACKGROUND

On November 20, 1997, Defendant Donald Draffin pled guilty to one count of unarmed bank robbery. On April 5, 2001, this Court sentenced Defendant to 151 months of imprisonment and three years of supervised release, based on the determination that he qualified as a "career offender" under the then-mandatory United States Sentencing Guidelines ("Sentencing Guidelines").[2] The Court's determination to sentence Defendant as a career offender was based, in part, on facts that Defendant contested (namely, whether the bank robbery at issue was a crime of violence).

On April 26, 2002, the United States Court of Appeals for the District of Columbia Circuit affirmed Draffin's sentence. United States v. Draffin, 286 F.3d 606, 610 (D.C. Cir. 2002). Defendant did not file a petition for a writ of certiorari, so his conviction became final on July 25, 2002, ninety days after the Court of Appeals entered judgment.

On January 12, 2005, the United States Supreme Court held that the Sixth Amendment requires criminal defendants to admit, or juries to determine, all facts used to increase sentences beyond the maximum ranges set in the Sentencing Guidelines (other than prior convictions). Booker, 543 U.S. at 226-27. The ruling effectively made the Sentencing Guidelines advisory. Id. at 245.

---

[2] Without the career-offender enhancement, under the Sentencing Guidelines Draffin would have been eligible for a sentence of 63-78 months.

On July 5, 2005, Draffin filed the instant § 2255 Motion in which he argues that <u>Booker</u> applies retroactively to his case and requires this Court to resentence him. Def.'s § 2255 Motion at 6, 16. The United States opposed Defendant's Motion on the grounds that it is barred by the statute of limitations.

## II. ANALYSIS

The Court must first determine if Draffin's Motion was filed within § 2255's one-year statute of limitations. <u>See</u> <u>United States v. Cicero</u>, 214 F.3d 199, 202 (D.C. Cir. 2000). Because Draffin did not file a petition for a writ of certiorari, the limitations period began running on July 25, 2002, when his conviction became final. Draffin filed his Motion on July 5, 2005, almost three full years after the limitations period expired. 28 U.S.C. § 2255 ¶ 6(1).

Draffin argues that his Motion is timely under § 2255 ¶ 6(3) because, he maintains, <u>Booker</u> created "a new constitutional rule of criminal procedure" retroactively applicable on collateral review of his case.[3] Def.'s § 2255 Motion at 6-9. In the alternative, Draffin argues that <u>Booker</u> created a new substantive (as opposed to

---

[3] The provision Draffin relies on states that the limitations period shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255 ¶ 6(3).

3

procedural) rule that applies retroactively.  Id. at 9-16.  The Court rejects both contentions.

Courts generally apply new substantive rules retroactively on collateral review.  However, Booker did not create a new substantive rule because its holding did not "narrow the scope of a criminal statute by interpreting its terms," "modif[y] the elements of an offense," or "place particular conduct or persons covered by [a criminal] statute beyond the State's power to punish." Schriro v. Summerlin, 542 U.S. 348, 353-354 (2004) (differentiating substantive rules from procedural rules); In re Fashina, 06-3002, 2007 U.S. App. LEXIS 11091, at *10 (D.C. Cir. May 11, 2007)(holding Booker created a procedural rule).  Thus, the new rule announced in Booker is procedural.  In re Fashina, 2007 U.S. App. LEXIS 11091, at *10.

New constitutional rules of criminal procedure only apply retroactively on collateral review when they place "primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," or when they are "watershed rules" that bear on guilt or innocence and implicate fundamental fairness. Teague v. Lane, 489 U.S. 288, 311-12 (1989).  Our Court of Appeals recently addressed whether Booker applies retroactively under Teague and joined every other circuit considering the issue in

4

holding that it does not.[4] <u>In re Fashina</u>, 2007 U.S. App. LEXIS 11091, at *18 ("<u>Booker</u> announced neither a substantive rule nor a watershed rule of procedure and therefore is not retroactive"); <u>see also United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005) (rejecting retroactive application); <u>Padilla v. United States</u>, 416 F.3d 424, 427 (5th Cir. 2005)(same); <u>Never Misses a Shot v. United States</u>, 413 F.3d 781, 783 (8th Cir. 2005)(same); <u>United States v. Bellamy</u>, 411 F.3d 1182, 1187-88 (10th Cir. 2005); <u>Lloyd v. United States</u>, 407 F.3d 608, 615-16 (3d Cir. 2005); <u>Guzman v. United States</u>, 404 F.3d 139, 143-44 (2d Cir. 2005); <u>Humphress v. United States</u>, 398 F.3d 855, 860 (6th Cir. 2005); <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005); <u>McReynolds v. United States</u>, 397 F.3d 479, 481 (7th Cir. 2005). Thus, 28 U.S.C. § 2255 ¶ 6(3) does not apply to the instant case.

## III. CONCLUSION

Because <u>Booker</u> does not apply retroactively on collateral review, Draffin's Motion is untimely under § 2255 ¶ 6(1) and is, accordingly, **denied**.

_May 14, 2007_ 

_Gladys Kessler_
Gladys Kessler
U.S. District Judge

<u>Copies to:</u> **Attorneys of record via ECF**

---

[4] Our Court of Appeals had previously declined to apply <u>Booker</u> retroactively, but it had not done so based on <u>Teague</u> which controls the instant case. <u>In re Zambrano</u>, 433 F.3d 886, 888 (D.C. Cir. 2006).